**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MOLLY GOWAN, <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, et al., <br><br> Defendants. | Case No. 18-cv-07785-BLF <br><br> **ORDER GRANTING MOTION TO REMAND; TERMINATING MOTIONS TO DISMISS AS MOOT** <br><br> [Re: ECF 12, 14, 17] |

Before the Court are the following three motions: (1) a motion to remand by Plaintiff Molly Gowan (Mot., ECF 17); (2) a motion to dismiss by Defendant Lindsay Conley[1] (ECF 12); and (3) a motion to dismiss by Defendants Stryker Corporation and Stryker Sales Corporation[2] (ECF 14). The Court held a hearing on the motions on May 9, 2019. As discussed in more detail below, the Court GRANTS Ms. Gowan's motion to remand. Because the Court finds it does not have subject-matter jurisdiction over this dispute, the motions to dismiss are TERMINATED AS MOOT.

**I. BACKGROUND**

Plaintiff Molly Gowan, a citizen of Colorado, worked for Defendants Stryker Corporation and Stryker Sales Corporation (collectively, "Stryker") from April 3, 2006 through May 2013, and again from July 2014 through December 2017. First Am. Compl. ("FAC") ¶¶ 1, 9, ECF 1-2. For most of this time, she worked for Stryker in Colorado, but she was hired out of San Jose, California. *Id.* ¶¶ 3, 9. Ms. Gowan is a woman and became pregnant while employed at Stryker.

---

[1] Previous Defendant Paul Glynn joined this motion but has since been dismissed from the case. ECF 22.
[2] Previous Defendants Tiffany Zakszeski and Kim Larson joined this motion but have since been dismissed from the case. ECF 22.

*Id.* ¶ 11.

In July 2014, Defendant Lindsay Conley became Ms. Gowan's sales manager in Colorado. *Id.* ¶ 12. Defendant Lindsay Conley, like Ms. Gowan, is a citizen of Colorado. *Id.* ¶ 2. He is the only named defendant who is a Colorado citizen. *See id.* Ms. Gowan alleges that throughout her time working for Mr. Conley, Mr. Conley discriminated against her and harassed her based on her sex, including her pregnancy. *Id.* ¶¶ 11, 12. For example, Ms. Gowan took maternity leave in mid-2015, and when she returned, Mr. Conley allegedly said "See this is why I don't hire women." *Id.* ¶ 12b. Similarly, when Ms. Gowan indicated her desire to advance in the company, Mr. Conley allegedly told her, "I had two women in my Regional Manager training class, they cried and I had to do all of the work for them. The course is hard and it requires a lot of grit." *Id.* ¶ 12d. Plaintiff alleges numerous other examples of allegedly discriminatory behavior and alleges generally that "Conley consistently displayed discriminatory and retaliatory animus towards Gowan and other women throughout the company." *Id.* ¶ 12f.

In February 2017, Ms. Gowan complained to her human resources manager, who reports to another HR manager, Kim Larson, in San Jose. *Id.* ¶ 12i. Ms. Gowan alleges that human resources ("HR") managers ratified Mr. Conley's conduct by doing nothing in response to Ms. Gowan's complaints. *Id.* ¶¶ 12i, j, *l*. Meanwhile, Mr. Conley spoke poorly of Ms. Gowan to her co-workers and took allegedly adverse employment actions against her, such as keeping her from attending a regional manager training. *Id.* ¶ 12j. Ms. Gowan continued to complain to various Stryker managers in HR and other departments who confirmed that Mr. Conley was inappropriate but continued to do nothing to help Ms. Gowan. *Id.* ¶¶ 12m, n.

At that point, Ms. Gowan believed that her only chance for upward mobility at the company was to join the HR department, located in San Jose, California. *Id.* ¶ 12o. She applied for and accepted an HR position in June 2017, such that she was no longer reporting to Mr. Conley. *Id.* She alleges that her HR manager position was located in California. *Id.* ¶ 12q. After she left her position under Mr. Conley, several co-workers told Ms. Gowan that Conley was still targeting her. *Id.* ¶ 12p. For example, Andrew Ellis, the sales representative who took over Ms. Gowan's sales territory, told her that Mr. Conley "asked him to tell customers that Gowan was no

1  longer with the company because she was not a strong performer." *Id.* After Ms. Gowan left her
2  sales position, other employees working under Mr. Conley told her that Mr. Conley was
3  disrespecting them because they were women. *Id.* ¶ 12q. Eventually, Ms. Gowan was allegedly
4  forced to quit in December 2017 because of the hostile work environment created by Mr. Conley
5  and ratified by Stryker's San Jose management. *Id.* ¶ 13.

As a result of the above actions, on November 21, 2018, Ms. Gowan filed this case in the Santa Clara County Superior Court. *See* ECF 1-1. On December 19, 2018, Ms. Gowan filed her First Amended Complaint, which named as defendants Stryker, Stryker Corporation, Stryker Endoscopy, Stryker Sales Corporation (collectively, "Stryker Defendants"), Paul Glynn, Lindsay Conley, Tiffany Zakszeski (an HR employee), and Kim Larson. *See* FAC. Ms. Gowan asserts the following seven causes of action: (1) Violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.*, for discrimination and harassment on the basis of sex (against all Defendants); (2) Violation of FEHA for failure to promote (against Stryker Defendants); (3) negligent hiring, supervision, and retention (against Stryker Defendants); (4) Violation of FEHA and Cal. Labor Code § 1102.5 for wrongful constructive termination (against Stryker Defendants); (5) Violations of Labor Code § 1102.5 for unlawful retaliation (against Stryker Defendants); (6) Defamation, Cal. Civ. Code §§ 45, 46 (against all Defendants); and (7) Intentional Infliction of Emotional distress (against all Defendants). *See generally* FAC.

On December 28, 2018, Paul Glynn, Stryker Corporation, and Stryker Sales Corporation filed a notice of removal to this Court, claiming that the Court has diversity jurisdiction over this action because Mr. Conley (the only defendant with non-diverse residency from Ms. Gowan) is fraudulently joined and that the remaining criteria under 28 U.S.C. § 1332 are satisfied. *See generally* Not. of Removal, ECF 1. On January 15, 2019, Mr. Conley and Defendant Glynn filed a motion to dismiss (ECF 12), and Defendants Larson, Zakszeski, Stryker Corporation, and Stryker Sales Corporation filed a motion to dismiss (ECF 14). On January 28, 2019, Ms. Gowan filed a motion to remand (ECF 17).

On February 5, 2019, Ms. Gowan dismissed Defendants Glynn, Larson, and Zakszeski. ECF 22. On May 30, 2019, Ms. Gowan dismissed Defendants Stryker and Stryker Endoscopy.

3

1  ECF 41. Thus, the only remaining Defendants in this case are Stryker Corporation, Stryker Sales
2  Corporation, and Mr. Conley. All three defendants jointly opposed Ms. Gowan's motion to
3  remand (Opp., ECF 26). On May 9, 2019, the Court held a hearing on the motions.

## II. MOTION TO REMAND

### A. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

That said, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden." *Hunter*, 582 F.3d at 1046. Defendants must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey*, 139 F.3d at 1318, and that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). That is, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint

4

to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–CV-02904-JSW, 2006 WL 2038040, at *2 (N. D. Cal. July 19, 2006)).

"Where fraudulent joinder is an issue . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Ritchey*, 139 F.3d at 1318. Accordingly, in determining whether there is fraudulent joinder, the court may consider summary judgment-type evidence such as affidavits and deposition testimony. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation omitted). This includes declarations submitted by both defendant and plaintiff. *Freeman Grove v. Childtime Learning Ctrs., Inc.*, No. 16-0745, 2016 WL 3561773, at *4 (C.D. Cal. June 28, 2016) (citation omitted). If factual issues are in dispute, the Court must resolve "all disputed questions of fact . . . in the plaintiff's favor." *Kalawe v. KFC Nat. Mgmt. Co.*, Civ. No. 90–007799, 1991 WL 338566, at *2 (D. Haw. July 16, 1991) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)); *see also Mohammed v. Watson Pharmaceuticals, Inc.*, No. SA CV09-0079, 2009 WL 857517, at*6 (C.D. Cal. Mar. 26, 2009) ("A party is only deemed to have been joined 'fraudulently' if after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." (citations and internal quotation marks omitted)).

If the district court ultimately determines that it lacks jurisdiction, the action must be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1447). The Ninth Circuit recognizes a "strong presumption against removal." *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). Thus, "'the defendant always has the burden of establishing that removal is proper,' and . . . the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus*, 980 F.2d at 566).

**B.      Discussion**

In her motion to remand, Ms. Gowan argues that Defendants fail on several fronts to demonstrate that this Court has subject-matter jurisdiction, including arguing that Defendants have

5

not demonstrated that Mr. Conley was fraudulently joined and thus that there is diversity of citizenship between Mr. Conley and Ms. Gowan (both citizens of Colorado) under 28 U.S.C. § 1332. *See generally* Mot. Because the Court agrees that Mr. Conley was not fraudulently joined, it does not address Ms. Gowan's other arguments.

Defendants argue that Mr. Conley is fraudulently joined based on two theories: (1) this Court does not have personal jurisdiction over Mr. Conley; and (2) Ms. Gowan cannot possibly state a claim against Mr. Conley. Opp. at 11, ECF 26. The Court discusses each theory in turn.

### 1. The Court Will Determine Whether It Has Subject-Matter Jurisdiction Before It Determines Whether It Has Personal Jurisdiction Over Mr. Conley

The parties dispute whether the Court can and should reach the question of personal jurisdiction before it reaches the question of subject-matter jurisdiction implicated by Defendants' fraudulent joinder argument. *See* Mot. at 15; Opp. at 11–12. Both parties rely on the Supreme Court's decision in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) in arguing whether the Court should reach the question of personal jurisdiction over Mr. Conley before it reaches the question of whether Ms. Gowan could possibly state a claim against Mr. Conley.

In *Marathon Oil*, the Supreme Court held that while "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter, . . . there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Id.* at 578. In so holding, the Supreme Court noted that "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 584. The Court then set forth the circumstances in which a court may reach the personal jurisdiction question before it considers questions of subject-matter jurisdiction: "If personal jurisdiction raises difficult questions of state law, and subject-matter jurisdiction is resolved as easily as personal jurisdiction, a district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand. In other cases, however, the district court may find that concerns of judicial economy and restraint are overriding." *Id.* at 586 (citations, internal quotation mark, and alterations omitted). Put another way, "in most instances subject-matter jurisdiction will involve no arduous inquiry" and should be decided first, but where "a district court has before it a

6

straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question," the court may first address personal jurisdiction. *Id.* at 587.

Importantly, in *Marathon Oil*, the district court's personal jurisdiction dismissal (which the Supreme Court upheld) disposed of the case entirely because there was only a single defendant. *See id.* at 579. More recently, the Ninth Circuit in *Special Investments, Inc. v. Aero Air, Inc.* held that a district court clearly erred as a matter of law when it dismissed one of several defendants for lack of personal jurisdiction before ultimately remanding the case back to state court for lack of subject-matter jurisdiction. 360 F.3d 989, 992, 994 (9th Cir. 2004). The Ninth Circuit distinguished *Marathon Oil*, noting that in *Marathon Oil* "the determination that the court did not have personal jurisdiction over the defendant resulted directly in dismissal of the case," whereas in *Special Investments*, the dismissal "did not result in terminating the litigation, but instead left numerous defendants involved in the suit." *Id.* at 994–95. In those circumstances, "the partial determination of personal jurisdiction . . . prejudice[d] [the plaintiff]" because the eventual remand precluded the plaintiff from appealing the personal jurisdiction dismissal. *Id.* at 995 (emphasis omitted). As such, the district court should have simply remanded without deciding the personal jurisdiction issue, leaving it instead to the state court to decide.

*Marathon Oil* and *Special Investments* dictate that this Court should consider the subject-matter jurisdiction question before the personal jurisdiction question. Here, even if the Court were to dismiss Mr. Conley for lack of personal jurisdiction, it would still have to engage with Ms. Gowan's other arguments concerning subject-matter jurisdiction—*e.g.* that the amount in controversy is not met—because other defendants would remain in the case. Ultimately, this might lead the Court to conclude that there is no subject-matter jurisdiction. Under *Special Investments*, this would be improper because the Court cannot dismiss Mr. Conley and then find it has no subject-matter jurisdiction. But even if the Court might ultimately reject all of Ms. Gowan's subject-matter jurisdiction arguments, the need to conduct this full analysis in any event counsels under *Marathon Oil* toward the Court deciding the relatively straightforward subject-matter jurisdiction question before the personal jurisdiction question.

7

1 As such, the Court turns to the subject-matter jurisdiction question without deciding the
2 personal jurisdiction question.

### 2. Mr. Conley Was Not Fraudulently Joined

Defendants argue that Mr. Conley was fraudulently joined because Ms. Gowan cannot state a claim against him as a matter of law. Opp. at 18. In her FAC, Ms. Gowan alleges claims against Mr. Conley for a violation of FEHA, defamation, and intentional infliction of emotional distress. *See generally* FAC. Because the Court holds Ms. Gowan could possibly state a claim against Mr. Conley for defamation, it does not address the other two claims.

Ms. Gowan alleges that she was defamed because "Defendants falsely informed individuals other than plaintiff" that she "was no longer with Stryker because she was a poor performer," which "imput[ed] to plaintiff poor performance related to her profession." FAC ¶ 52. Ms. Gowan alleges that as a result she "has been injured in her profession and continues to be injured in her profession," has lost "earnings and other employment benefits," and "has suffered and continues to suffer humiliation and mental pain and anguish and other non-economic damages." *Id.* ¶¶ 53–54. She alleges that Defendants committed these acts intentionally and with malice. *Id.* ¶ 55.

"Libel is a false and unprivileged publication . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. As is relevant here, "[s]lander is a false and unprivileged publication, orally uttered . . . which . . . [t]ends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits." Cal. Civ. Code § 46. To prevail in a defamation claim under California law, a plaintiff must allege "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Bowen v. M. Caratan, Inc.*, 142 F. Supp. 3d 1007, 1033 (E.D. Cal. 2015) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007)).

The Court finds that Defendants have not met their heavy burden to show that Ms. Gowan could not possibly state a valid claim for defamation. As an initial matter, Defendants wrongly shift the burden to Ms. Gowan to prove that she could state a claim. *See* Opp. at 20 ("It is Plaintiff's burden to affirmatively allege conduct that occurred in California."). They also appear to not understand the fraudulent joinder standard, as they suggest that the Court should not consider any facts not currently alleged in the FAC. *See id.* ("Additionally, this new allegation of defamation is not alleged in the FAC and should be disregarded. (*See* FAC ¶ 52.)"). But the question is whether Ms. Gowan could *possibly* state a claim, meaning whether she could amend her complaint to state a claim. *See Padilla*, 697 F. Supp. 2d at 1159. And again, the burden here is on *Defendants* to show that Ms. Gowan *cannot* possibly state a claim. *See Hunter*, 582 F.3d at 1046. Defendants fail to carry that heavy burden here.

Based on the admissible evidence submitted by the parties, Mr. Conley's statement to Mr. Ellis (and allegedly others) that Ms. Gowan "was no longer with the company because she was not a strong performer" could be actionable defamation. First, Ms. Gowan could allege that it is both false and defamatory—she alleges that she did not leave the company and was a good performer. *See, e.g.*, FAC ¶¶ 10, 12p. Such a statement is not mere opinion as to Ms. Gowan's performance, but rather a statement of fact about why she "left" the company. *Cf. Rashdan v. Geissberger*, No. C 10-00634 SBA, 2011 WL 197957, at *9 (N.D. Cal. Jan. 14, 2011) (granting motion to dismiss because plaintiff failed to allege specific false statement in support of defamation claim). Defendants do not submit evidence that Mr. Conley never made this statement or that it was true.

Second, contrary to Defendants' arguments, Ms. Gowan could allege that the statement is not privileged under Cal. Civ. Code § 47(c) for several reasons, including because the falsehood that she left the company does not concern her performance and because she could plausibly allege that Mr. Conley acted with malice toward her. *See, e.g.*, FAC ¶ 12 (cataloguing litany of negative comments made by Mr. Conley toward and about Ms. Gowan based on her sex). Moreover, because the statement was made to Ms. Gowan's colleague, she could allege that this statement had a natural tendency to injure at least her professional reputation.

Defendants' arguments to the contrary are unavailing. *See* Opp. at 19–21. Defendants

primarily argue that Ms. Gowan cannot demonstrate that the alleged conduct occurred in California. Defendants assert that "the speaker [Conley], the recipient [Ellis], and the subject [Gowan] of the allegedly defamatory statement were all in Colorado," such that California's defamation law does not apply. *Id.* at 20. In support of this argument, Mr. Conley avers that he "did not work in California, nor did [he] have responsibility over sales territories in California." Conley Decl. ¶ 4, ECF 12-2; *accord* Cream Decl. ¶ 12, ECF 12-3. Likewise, he states that he did not have an office in California. Conley Decl. ¶ 12. Defendants also submit a declaration from Stryker Sales Corporation's human resources manager Olivia Cream who avers that Ms. Gowan was required to relocate to San Jose for her new human resources job but that she never actually relocated. Cream Decl. ¶ 9. Likewise, Ms. Cream states that Ms. Gowan never had California withholdings taken out of her paychecks. *Id.* ¶ 11. Finally, Defendants state (with citation to Ms. Gowan's motion, which cites the FAC) that Mr. Ellis was a sales representative in Northern Colorado.

Defendants' evidence fails to prove conclusively that Mr. Conley did not make this statement in California in a manner that injured Ms. Gowan in California. As to Mr. Conley's presence in California, Ms. Gowan avers that Mr. Conley "regularly attended meetings and trainings for Stryker in San Jose, CA." Gowan Decl. ¶ 4, ECF 17-1. Defendants' objection to this evidence is overruled because Ms. Gowan avers that she has personal knowledge of this fact, *id.* ¶ 1, and because the meaning of "regular" is of no moment to the present motion—even if Mr. Conley was only in California once for a training, it is possible he made the allegedly defamatory comment during that training. As such, Defendants have not presented definitive evidence showing that Mr. Conley did not make this comment while in California.

As to Ms. Gowan's presence in California, she avers (without objection from Defendants) that from July 2017 to November 2017 she worked in San Jose for approximately one week each month. Gowan Decl. ¶ 6, ECF 17-1. The FAC alleges that Mr. Conley made the statement to Mr. Ellis sometime during this time period. FAC ¶ 12p. Ms. Cream's evidence that Ms. Gowan did not "relocate" is at least ambiguous as to whether Ms. Gowan ever worked in San Jose in light of Ms. Gowan's declaration. All ambiguities are resolved in favor of Ms. Gowan under the

fraudulent joinder test. Thus, Defendants have not presented definitive evidence showing that Ms. Gowan was not injured in California by Mr. Conley's alleged statement.

Finally, Defendants present no evidence as to Mr. Ellis's location when he received the comment. Though the FAC says Mr. Ellis took over Ms. Gowan's territory, FAC ¶ 12p, it is certainly *possible* that he was in California when Mr. Conley made these statements to him. Ms. Gowan need not submit evidence to show that he was in California; it is Defendants' burden to demonstrate that he was not. They did not submit such evidence.

As such, Defendants have failed to satisfy their burden to show that Ms. Gowan could not possibly state a claim against Mr. Conley. They have thus not demonstrated that Mr. Conley was fraudulently joined. Because he was not fraudulently joined, the parties do not have complete diversity of citizenship, and this Court lacks subject-matter jurisdiction. Ms. Gowan's motion to remand is GRANTED.

### III. MOTIONS TO DISMISS

Because the Court has determined it does not have subject-matter jurisdiction over this dispute, Defendants' motions to dismiss are TERMINATED AS MOOT.

### IV. ORDER

For the foregoing reasons, the Court GRANTS Ms. Gowan's motion to remand. Because the Court finds it does not have subject-matter jurisdiction over this dispute, the motions to dismiss are TERMINATED AS MOOT.

The Clerk shall REMAND this case to Santa Clara Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 7, 2019

BETH LABSON FREEMAN
United States District Judge

11